UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
LEWIS BAERINGER, CINDY
BAERINGER, individually and as the
parents and natural guardians of H.B.,
their infant daughter,

                    Plaintiffs,

    -against-

PLAINVIEW-OLD BETHPAGE
CENTRAL SCHOOL DISTRICT and
ALICE BOWMAN, individually and in
her official capacities as an employee of
the school district,

                    Defendants.
---------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 23-cv-03557 (FB) (SIL)

*Appearances:*
For the Plaintiffs:
MICHAEL R. WALKER
Gallagher, Walker, Bianco & Plastaras, LLP
98 Willis Avenue
Mineola, NY 11501

For the Defendants:
ADAM I. KLEINBERG
SAMANTHA VELEZ
Sokoloff Stern LLP
179 Westbury Avenue
Carle Place, NY 11514

**BLOCK, Senior District Judge:**

      In this civil-rights action brought by Plaintiffs Lewis and Cindy Baeringer individually and on behalf of their infant daughter, H.B., against Defendants Plainview-Old Bethpage Central School District (the "District") and Principal Alice Bowman ("Bowman"), the Court denied Defendants' motion to dismiss several claims against Bowman but granted it as to the District. *See Baeringer v.*

*Plainview-Old Bethpage Cent. Sch. Dist.*, No. 23-CV-03557 (FB) (SIL), 2024 WL 3161814 (E.D.N.Y. June 25, 2024). Plaintiffs now move for reconsideration solely on the Court's decision to dismiss their negligence/*respondeat superior* claim against the District. For the following reasons, Plaintiffs' motion is DENIED.

## I.  BACKGROUND

General familiarity with the alleged facts is assumed. H.B. was a middle-school student at the District's Plainview-Old Bethpage Middle School located in Nassau County. On January 31, 2022, H.B. experienced unspecified emotional distress "arising from events involving other students," which led H.B. to seek the services of a school counselor. Before returning to school, H.B. required removal from school and psychological evaluation clearance by an independent psychologist, which she received at about 4:30 PM that day. The psychologist notified the school counselor that H.B. was cleared to return.

Several hours later, the District/Bowman contacted the Nassau County Police Department to have H.B. "undergo an involuntary, forced, and unnecessary, second psychological evaluation." The Complaint alleges that Bowman called the police to retaliate against Plaintiffs for "prior events and occurrences between the parties." Compl. ¶ 60.

In the early evening of that same day, police officers arrived at Plaintiffs'

residence and forcibly and involuntarily transported H.B. via police ambulance to Nassau University Medical Center for a second psychological evaluation. Cindy Baeringer and H.B. were placed in an observation room and "observed" for several hours before the individual psychological evaluation was performed on H.B. This evaluation eventually cleared H.B. and released her to go home.

## II.   DISCUSSION

Federal Rule of Civil Procedure 59(e) enables parties to timely file motions to alter or amend a judgment to "correct a clear error of law or prevent manifest injustice." *Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 153 (2d Cir. 2008). Such motions must "request a substantive alteration of the judgment, not merely the correction of a clerical error, or relief of a type wholly collateral to the judgment." *ING Glob. v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 96 (2d Cir. 2014) (quoting *id.*). Local Rule 6.3 is similar, with reconsideration "demanding" and to be used "sparingly." *Benny v. City of Long Beach*, No. 20-CV-1908 (KAM)(ST), 2022 WL 9446910, at *1 (E.D.N.Y. Oct. 14, 2022).

In its initial opinion, the Court explained that Plaintiffs had not plausibly alleged a negligence claim on a *respondeat superior* theory against the District

> because liability will not attach where an "employee commits a tort for personal motives unrelated to the furtherance of the employer's business." *Flores v. Saulpaugh*, 115 F. Supp. 2d 319, 325 (N.D.N.Y. 2000). Here, the Complaint alleges such a personal motive by stating

3

that Bowman's actions were "retaliation for prior events and occurrences that had occurred between the parties."

*Baeringer*, 2024 WL 3161814 at *5.

Plaintiffs urge the Court to reconsider its dismissal of its negligence claim against the District based on a theory of vicarious liability/*respondeat superior*. Specifically, they argue that Bowman "negligently acted in deviating from and violating the policies of the District. . . . In the event that the defendant Bowman acted negligently rather [than] in intentional retaliation, such actions would be in furtherance of her employer's business and the District would face vicarious liability under *respondeat superior*." Pl.'s Mot. at 3-4.  In their reply brief, Plaintiffs suggest further that a "general negligence claim as to Bowman [], if proven, would establish vicarious liability on the District."[1]  Pl.'s Reply at 3.

Plaintiffs misstate the basis for establishing liability against an employer under the doctrine of *respondeat superior*.  Simply put, an employer is not *ipso facto* liable for all torts — whether negligent or intentional — committed by its employees.  See *Judith M. v. Sisters of Charity Hosp.*, 93 N.Y.2d 932, 933 (1999) (noting limitations).  Returning to first principles of New York law, an employer *may be* vicariously liable for the torts of its employee where she acts within the scope of her employment.  See *id*. (collecting cases).  But critically, where "an

---

[1] Plaintiffs cite no caselaw for their argument in either brief.

4

employee's conduct is brought on by a *matter wholly personal in nature, the source of which is not job related*, [her] actions cannot be said to fall within the scope of [her] employment." *Stavitz v. City of New York*, 471 N.Y.S.2d 272, 274 (1st Dep't 1984) (emphasis added); *see also Judith M.*, 93 N.Y.2d at 933 (lower courts properly dismissed *respondeat superior* claim where "it is clear that the employee here departed from his duties for solely personal motives unrelated to the furtherance of the Hospital's business").

The Court accepted as true Plaintiffs' factual allegation that "Bowman's actions towards the plaintiffs on January 31, 2022, were retaliation for prior events and occurrences that had occurred between the parties." Compl. ¶ 60. Where the plaintiff alleges that the incident "arose from a prior personal dispute," no liability will attach to the employer. *Haybeck v. Prodigy Services Co.*, 944 F. Supp. 326, 330 (S.D.N.Y. 1996) (quoting *Kelly v. City of New York*, 692 F. Supp. 303, 308 (S.D.N.Y. 1988). Consequently, because Bowman's conduct "[arose] from personal motives and [did] not further [the] employer's business," the Court dismissed the claim. *Adorno v. Corr. Servs. Corp.*, 312 F.Supp.2d 505, 517 (S.D.N.Y. 2004). Plaintiffs' allegations that Bowman's actions occurred after school hours only buttress the conclusion. See Compl. ¶¶ 49-50, 53 (alleging that Bowman contacted the police "several hours" after 4:30 PM psychological

5

evaluation); *see also Haybeck*, 944 F. Supp. at 329 ("Courts have repeatedly held that acts taken and decisions made on an employee's personal time outside of work cannot be imputed to an employer.").

In the context of a *respondeat superior* theory against the District, Plaintiffs' emphasis on Bowman's violation of District policies is puzzling. Indeed, Bowman's violation of District policies is entirely consistent with their allegations that her actions arose from personal animus towards Plaintiffs. And regardless of what policies were in place, the Court cannot impute liability to the District for Bowman's actions where the Complaint alleges that her conduct was motivated by "personal reasons unrelated to the employer's interest." *Ierardi v. Sisco*, 119 F.3d 183, 188 (2d Cir. 1997).

Plaintiffs attempt to rescue their theory by arguing that they may plead legal theories in the alternative. Pl.'s Mem. at 6. It is of course true that under Federal Rule of Civil Procedure 8, a plaintiff may plead alternative legal theories, for example, that a defendant breached a contract and was unjustly enriched. *See Astroworks, Inc. v. Astroexhibit, Inc.*, 257 F. Supp. 2d 609, 616 n.10 (S.D.N.Y. 2003). But because "facts are binding judicial admissions," a plaintiff may not plead "inconsistent facts, e.g., whether there was an agreement" at all. *Id.* (citing *Bellefonte Re Ins. Co. v. Argonaut Ins. Co.*, 757 F.2d 523, 528 (2d Cir. 1985)).

Here, the Court dismissed Plaintiffs' negligence claim against the District based on Plaintiffs' *factual allegation* that Bowman called the police on H.B. to retaliate against Plaintiffs, not on Plaintiffs' alternative *legal theories*.  See Compl. ¶ 60.  "Factual allegations alone are what matters," *Albert v. Carovano*, 851 F.2d 561, 571 n. 3 (2d Cir. 1988) (en banc), and Plaintiffs' factual allegation about Bowman's personal motive "is a judicial admission by which it normally is bound throughout the course of the proceeding." *Bellefonte*, 757 F.2d at 528.  Accepting this factual allegation as true on a Rule 12(b)(6) motion, the Court properly determined that it precluded a claim of vicarious liability against the District because Bowman "went outside [her] employment and acted to advance a purpose of [her] own." *Osipoff*, 286 N.Y. at 432.  Plaintiffs' belated, conclusory legal assertions cannot rescue a theory of liability inconsistent with the facts it pleaded.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs' motion is DENIED.

**SO ORDERED.**

    /S/ Frederic Block  
    FREDERIC BLOCK  
    Senior United States District Judge

Brooklyn, New York  
August 29, 2024

7